IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
IN AND FOR LEE COUNTY, FLORIDA

REROOF PLUS, LLC  
a/a/o SUSAN MACINTYRE,

CIVIL ACTION NO: _____

      Plaintiff,

v.

NATIONAL SPECIALTY INSURANCE COMPANY,

      Defendant.

_____/

## COMPLAINT

Plaintiff, REROOF PLUS, LLC ("REROOF") a/a/o SUSAN MACINTYRE, sues Defendant, NATIONAL SPECIALTY INSURANCE COMPANY, and says:

### PARTIES, JURISDICTION

1. This is an action at law for breach of contract for damages in excess of $30,000.00 exclusive of costs, interest, and attorney's fees.

2. At all times material hereto, Susan Macintyre ("The Insured") owned the real property located at 3711 Lakeview Isle Court, Fort Myers, FL 33905 in Lee County, Florida ("The Property").

3. At all times material hereto, REROOF has been a Florida limited liability company authorized to conduct and was conducting business in the State of Florida.

4. At all times material hereto, Defendant has been an insurance company authorized to conduct business in the State of Florida.

5. Venue is proper in Lee County, Florida as Lee County is where the cause of action accrued.

1

## GENERAL ALLEGATIONS

6. Defendant issued an insurance policy bearing policy number VUW-HO-553637 ("The Policy") insuring The Property.

7. REROOF is not in possession of a certified copy of The Policy and, therefore, is unable to attach a certified copy of The Policy to this complaint. A certified copy of The Policy has been or will be requested from Defendant or will be obtained through discovery.

8. Defendant insured The Property against damage to the structure and its contents resulting from hurricanes, water damage, windstorm, fire, theft, and other covered perils.

9. On or about September 28, 2022, while The Policy was in full force and effect, a covered loss occurred to The Property resulting from Hurricane Ian causing sudden and accidental damage to The Property ("The Loss").

10. The Insured timely filed a claim and notified Defendant of The Loss.

11. Defendant assigned claim number VEL22046200 to The Loss ("The Claim").

12. Subsequent to The Loss, The Insured assigned to REROOF The Claim and certain benefits by and through The Policy under an assignment of benefits. A copy of the assignment of benefits is attached hereto as Exhibit "A" ("The AOB").

13. REROOF, as assignee, is the owner of The Claim with the standing to enforce the The Claim and is entitled to receive the benefits under The Policy up to the amount of services rendered, or to be rendered, by REROOF in connection with The Claim.

14. As a result of The Loss, The Property sustained damage.

15. The damage to The Property is of a nature that The Insured reasonably required or requires the services of a licensed contractor to remediate The Property.

16. As a result of The Loss, The Insured has or will incur costs for services rendered or

to be rendered by REROOF.

17. Prior to filing this action, REROOF provided Defendant with an itemized description of the services required to return The Property to its "pre-loss" condition.

18. The charges for REROOF's services are reasonable in light of the work required to be performed at The Property pursuant to The Policy.

19. Defendant inspected the property and opened coverage under the policy.

20. Defendant estimated the scope of the damages grossly less than the amount necessary to return The Property to its pre-loss condition.

21. Defendant breach the policy because it failed to pay or underpaid the amounts required to return The Property to its pre-loss condition.

22. REROOF retained the services of undersigned counsel to prosecute this action to enforce The Claim.

23. At least ten business days prior to filing suit, REROOF forwarded to Defendant a pre-suit settlement demand and notice of intent to initiate litigation in compliance with §627.7152 (9)(a), *Fla. Stat.* (2021).

24. REROOF is entitled to an award of attorney's fees and costs against Defendant, including attorney's fees and costs incurred during pre-suit, during litigation, and on appeal pursuant to the express language of *Fla. Stat.* §627.7152 (10), *Fla. Stat.* (2021).

## COUNT I – BREACH OF CONTRACT

25. REROOF incorporates the allegations set forth in Paragraphs 1-24 as if set forth fully herein.

26. The Insured assigned the right to payment under The Policy to REROOF with respect to the reasonable services rendered, or to be rendered, by REROOF on behalf of the

Insured.

27. The Insured paid all premiums due under The Policy.

28. REROOF and The Insured fully performed under The Policy or performance was otherwise waived or excused by Defendant.

29. Pursuant to Florida law, The Policy, and the AOB, Defendant is required to pay REROOF for the reasonable services rendered or to be rendered by REROOF to return the property to its pre-loss condition.

30. Defendant failed to pay or under paid the total amount owed for the reasonable services necessary to return The Property to its pre-loss condition.

31. By failing to make full payment to REROOF for the reasonable services rendered, or to be rendered in connection with The Claim, Defendant breached The Policy.

32. By failing to adjust fully The Claim within ninety (90) days of notice of The Claim, Defendant violated §627.70131 (5) (a), *Fla. Stat.* and breached The Policy.

33. REROOF at its election is entitled to either interest on the claim from the date of Defendant's first notice of the claim at a rate set forth in §55.03, *Fla. Stat.* or pre-judgment interest.

34. As a direct and proximate result of Defendant's breach of The Policy, REROOF has been damaged in an amount to be determined at trial.

35. All conditions precedent to this action have been satisfied, discharged, or waived.

WHEREFORE, REROOF prays for:

A. compensatory damages;

B. statutory judgment interest pursuant to §55.03, *Fla. Stat.* or pre-judgment interest;

C. attorney's fees and costs; and

D. any other relief this Honorable Court deems equitable, fair, and proper.

## DEMAND FOR JURY TRIAL

REROOF demands a jury trial against Defendant on all issues so triable.

Respectfully submitted,

**FINCH LEGAL, PLLC**

*/s/ Alex Finch*

_____
Alex Finch, Esquire
FBN.: 0949220
P. O. Box 915096
Longwood, FL 32791
Telephone: (407) 256-5538
Email: afinchlegal@gmail.com
2nd Email: afinchlaw@aol.com